IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. CR08-4015-LTS |
| Plaintiff, | | |
| vs. | | **MEMORANDUM** |
| JOHN GREEN, | | **OPINION AND ORDER** |
| Defendant. | | |

_____

This matter is before me pursuant to defendant John Green's amended motion (Doc. 39) for a sentence reduction pursuant to § 404 of the First Step Act (FSA).

## I.      BACKGROUND

The FSA became law on December 21, 2018, and, relevant to this case, made the Fair Sentencing Act of 2010 retroactive.  Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B).  The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010.  § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant.  *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

On February 1, 2019, Green filed a pro se motion (Doc. 30) pursuant to the FSA. He later filed a supplement (Doc. 31) and a motion (Doc. 32) to appoint counsel.  On February 3, 2020, I entered an order (Doc. 33) granting the motion to appoint counsel and appointing the federal public defender to represent Green.  I directed appointed

counsel to review Green's potential eligibility for relief pursuant to the FSA and file an amended motion if appropriate.

On March 30, 2020, Green filed an amended motion (Doc. 39) to reduce sentence pursuant to the FSA. The Government filed a response (Doc. 40) arguing that Green is not eligible for a sentence reduction and, in the alternative, that I should exercise my discretion to deny a reduction. Green filed a reply (Doc. 43) and the Government later filed a supplement (Doc. 45) withdrawing its argument that Green is ineligible for a reduction under the FSA.

## II.    ORIGINAL SENTENCE

On March 3, 2008, Green was indicted on two counts related to the distribution of crack cocaine. Doc. 1. On September 2, 2008, he pleaded guilty to both counts. Doc. 18. In Count 1, Green pleaded guilty to conspiracy to distribute 50 grams or more of crack cocaine in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851. In Count 2, Green pleaded guilty to possession with intent to distribute 5 grams of crack cocaine after being convicted of a prior drug felony in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. On Count I, he was subject to a statutory imprisonment range of 20 years to life, followed by supervised release for ten years to life. On Count 2, he was subject to a statutory imprisonment range of ten years to life, followed by supervised release for eight years to life.

The presentence investigation report (PSIR) found that Green was responsible for 793.8 grams of crack cocaine. Doc. 25. This equated to an offense level of 34, but Green was found to be a career offender based on two prior felony convictions that were controlled substance offenses. This raised the offense level to 37 and, after a three-level reduction for acceptance of responsibility, resulted in a total offense level of 34. *Id*. at 8-9, ¶¶ 32, 41-43. With or without the career offender enhancement, Green's criminal

2

history category was VI, *id*. at 13, ¶ 53, resulting in a USSG range of 262 to 327 months' imprisonment. *Id*. at 18, ¶ 82.

On November 12, 2008, United States District Judge Donald E. O'Brien sentenced Green to the statutory minimum of 240 months' incarceration and ten years of supervised release. Doc. 24. Judge O'Brien later denied Green sentencing reductions pursuant to retroactive USSG amendments in 2012 and 2015 because Green had already been sentenced at the mandatory minimum. Docs. 26, 28. Green has now served just over 13 years of his 20-year sentence. Doc. 25 at 4, ¶ 11.

### III.    FSA ANALYSIS

As noted above, the FSA allows a court to reduce a defendant's sentence for a "covered offense" as if the Fair Sentencing Act had been in effect at the time of the original offense. An offense is covered if its penalties were altered by § 2 or § 3 of the Fair Sentencing Act of 2010. The parties agree that Green is eligible for relief because he was convicted of a crack cocaine offense before 2010 and his statutory sentencing range would have changed had the Fair Sentencing Act been in effect at the time of the charged offense.[1] Under the Fair Sentencing Act, Green's statutory incarceration range for Count 1 would be reduced to ten years to life, followed by a supervised release term of eight years to life, and for Count 2 would be reduced to zero to 30 years, followed by a supervised release term of six years to life.[2] Thus, had Green been sentenced under

---

[1] The Government initially argued that the quantity found at sentencing controlled, such that Green's statutory sentencing range would not change. The Government later withdrew that argument in light of *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020). *See* Doc. 45

[2] The United States Probation Office for the Northern District of Iowa has prepared a memo calculating Green's amended statutory and guideline ranges, considering the Fair Sentencing Act and the applicable changes to the Guidelines, which I adopt. That memo will be filed contemporaneously with this order.

3

the Fair Sentencing Act, he could have received a lower sentence. Green committed a covered offense and is eligible for relief pursuant to § 404 of the FSA.

Once a court has determined that a defendant is eligible for relief pursuant to § 404, the next question is whether the court should exercise its discretion to grant relief. *McDonald*, 944 F.3d at 772. Because Green was sentenced as a career offender, the USSG imprisonment range remains 262 months to 327 months.[3] Green argues I should exercise my discretion to reduce his sentence below the amended USSG range to a sentence at the bottom of what the USSG range would have been had he not been a career offender (130 months). He contends Judge O'Brien would have imposed a lower sentence at the time of the original sentencing if the Fair Sentence Act been in effect:

> The record indicates that if the sentencing court had not been constrained by the 20-year mandatory minimum sentence that applied to defendant's sentence, the court would have imposed a sentence well below the 20-year mandatory minimum. At his original sentencing, the court varied from 262 to 240 months based on § 3553(a) factors. (SOR, p. 3). In 2015, the court denied a reduction under Amendment 782, because the defendant's sentence was already at the statutory mandatory minimum of

---

[3] In *United States v. Lee*, 468 F. Supp. 3d 1103, 1108-09 (N.D. Iowa 2020), I stated:

> I agree with those courts that have rejected the disparate treatment of crack and powder cocaine and therefore express my categorical disagreement with the crack cocaine (or cocaine base) guidelines. In applying this disagreement, I will utilize the same procedures I described in *United States v. Harry*, 313 F. Supp. 3d 969, 974 (N.D. Iowa 2018), in which I expressed a categorical policy disagreement with the USSG's 10:1 ratio between actual (or ice) methamphetamine and methamphetamine mixture. Thus, in any case involving quantities of crack cocaine, I will first make standard guideline findings using the crack cocaine guidelines. Then, by way of variance, I will calculate an alternative base offense level, applying a 1:1 ratio such that any quantity of crack cocaine will be treated as the same quantity of powder cocaine. I will then apply any applicable increases or decreases to that base offense level (e.g., aggravating or mitigating role and acceptance of responsibility) to arrive at an alternative total offense level. I will use this alternative total offense level, in combination with the defendant's criminal history category, to calculate the adjusted guidelines range.

Because Green is a career offender, that policy does not affect the USSG calculation in this case.

20 years.  (DCD 28).  In a letter to the defendant, the court stated "Unfortunately, because your sentence is already at the mandatory minimum, I have no authority to reduce your sentence further."  Then the court explains, "There is nothing more I can do *at this time*."  (Doc. 28-1) (emphasis added)...

One of the reasons the court gave for varying downward from the career offender guideline range was that "the defendant's prior felony drug convictions involved low drug quantities."  (SOR, p. 3).  In fact, they involved miniscule drug quantities – only .6 grams and 1.1 grams, respectively.  (PSR 47, 48).  In his "career," the defendant never rose above the lowest echelon of the drug trafficking world.   The defendant's other drug offenses were similarly petty.  One involved mere possession of one to four grams of powder cocaine, another involved 2.2 grams of marijuana found in a vehicle where defendant was smoking with other people, another involved a single marijuana joint, and, finally on May 4, 2007, he was found to possess a Viagra pill without a prescription.  (PSR 45, 46, 49, 50)...  It is certainly reasonable, in light of the court's statements on the record at sentencing, and again in the court's sympathetic letter to the defendant in 2015, that in 2008, if the court's discretion had not been cabined by the 20-year mandatory minimum, it would have varied to the 10-year mandatory minimum that would have applied if FSA 2010 had been in effect.

Doc. 39-1 at 25-27.  Green also notes that he has taken advantage of numerous vocational opportunities while incarcerated and has demonstrated remorse for his past offenses.

The Government argues that because Green's guideline range remains the same, I should not grant a sentence reduction.[4]  The Government contends that Green's offense conduct (which included nearly 800 grams of crack cocaine), his history of parole violations and the fact that the offense occurred while he was on parole all support denial of any reduction.  Finally, the Government notes that it could have sought an additional

---

[4] Per the amended USSG range, the Government agrees that regardless of whether I reduce Green's term of incarceration, his term of supervised release should be reduced.

enhancement pursuant to 21 U.S.C. § 851 had it not agreed to refrain from doing so in the plea agreement.

> Alternatively, the Government argues:

> Defendant is seeking a reduction to 130 months' imprisonment, which would be the bottom of the guidelines range if defendant were not a career offender. A reduction of this magnitude is not warranted and would result in BOP crediting defendant with "overserved time." Any relief should be far more limited, for the same reasons described throughout this resistance. A reduction to 180 months' imprisonment would still be a five-year reduction, and would still result in a sentence far below the bottom of defendant's guidelines range. While the government does not believe that any reduction is warranted, a limited reduction of five years, or less, would be more than sufficient when considering the 18 U.S.C. §3553(a) factors.

Doc. 40 at 22.

Neither the FSA nor the Federal Rules of Criminal Procedure require a hearing, nor the defendant's presence at such a hearing. *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). After considering the parties' arguments, the case history, and the 18 U.S.C. §3553(a) factors,[5] I find that a reduction in Green's sentence to 200 months' incarceration on both counts, to be served concurrently, followed by eight years of supervised release, is sufficient but not greater than necessary to achieve the goals of sentencing.[6] In determining this sentence, I note that if the Fair Sentencing Act had been in effect at the time of Green's original sentencing, Judge O'Brien could have, and almost certainly would have, granted a greater downward variance because he found that Green's criminal history was overstated and was comprised almost entirely of minor, non-violent

---

[5] The FSA does not mandate the court consider the § 3553(a) factors, however, many courts have chosen to consider the factors in determining whether a reduction is appropriate. *See United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020).

[6] I have previously found that the FSA allows me discretion to vary below the amended USSG range. *See Lee*, 468 F. Supp. 3d at 1108 (*citing United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020)).

offenses. I have independently reviewed Green's criminal history and largely agree with Judge O'Brien's characterization. Further Green had a limited role in the offense conduct, has engaged in rehabilitation efforts while incarcerated and does not appear to have had behavioral issues while incarcerated.[7]

However, I agree with the Government that Green's offense conduct is serious, involving a large quantity of crack cocaine and occurring while Green was on parole. I further find it aggravating that Green's criminal history, while non-violent and involving small quantities of drugs, demonstrates that he is a recidivist controlled substances offender who accumulated enough criminal history points to qualify as a criminal history category VI even without the career offender enhances. For these reasons, I agree with the Government that Green's requested sentence of 130 months would not be sufficient.

## IV.    CONCLUSION

For the reasons set forth herein:

1.    Green's amended motion (Doc. 39) for a sentence reduction is **granted** and his sentence is hereby **reduced** to 200 months' incarceration (but not less than time served) on both Count 1 and Count 2, to be served concurrently, followed by eight years of supervised release on Count 1 and six years of supervised release on Count 2, to be served concurrently.

2.    Green's pro se motion (Doc. 30) is **denied as moot**.

3.    All other provisions of the original sentence and judgment (Doc. 24), remain in effect except as modified herein. An amended judgment will follow.

---

[7] *See United States v. Goolsby*, 806 F. App'x 502, 2020 WL 2787705, at *2 (8th Cir. 2020) (unpublished) ("While a district court may reduce a sentence based on post-sentencing rehabilitation or other mitigating factors, a court is not required to do so.").

7

**IT IS SO ORDERED.**

**DATED** this 6th day of April, 2021.

_____

Leonard T. Strand, Chief Judge